# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RAYFIELD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-1514-JCH |
| | ) | |
| MARTY MARIN-FORMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Leave to File Appeal out of Time, filed by plaintiff Rayfield Johnson, who is detained at the Sexual Offender Rehabilitation and Treatment Services ("SORTS") facility. (Docket No. 13). The motion will be denied.

Under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, this Court may extend the time for filing a notice of appeal if the "party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and if the party "shows excusable neglect or good cause." Rule 4(a)(5)(C) provides that "[n]o extension under . . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." The United States Court of Appeals for the Eighth Circuit has counseled that pro se appellants may be given "special consideration . . . regarding their notices of appeal." *Weekley v. Jones,* 927 F.2d 382, 386 (8th Cir. 1991).

In the case at bar, this Court dismissed plaintiff's complaint on June 28, 2017. Under Rules 4(a)(1)(A) and 25(a)(2)(C) of the Federal Rules of Appellate Procedure, plaintiff's notice of appeal was due to be placed in the SORTS mail system on July 28, 2017. However, plaintiff did not sign the notice of appeal until August 13, 2017, and he signed the instant motion seeking

an extension of time fifty days later, on October 2, 2017.[1]  While plaintiff states that he has a medical disability and takes medicine that impairs his functioning, it is too late to consider the reasons for the delay.  As set forth above, plaintiff had thirty days to submit his notice of appeal, and another thirty days to petition the Court for an extension if it was untimely.  Regardless of whether plaintiff can now demonstrate excusable neglect or good cause for an untimely filed appeal, the rules do not provide for relief beyond those deadlines.  The Court must therefore deny plaintiff's motion for leave to file an appeal out of time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to File Appeal out of Time (Docket No. 13) is **DENIED.**

Dated this __10th___ day of October, 2017.

    \s\   Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[1] While plaintiff does not state that he placed either document in the SORTS mail system on any particular date, the Court presumes that he did so on the date he signed each document.